[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike is granted. Joint liability under General Statutes 14-60 is appropriate "only when a dealer violates the mandate of 14-60 and lends dealer plates to a purchaser who is not insured." Cook v. Collins Chevrolet, Inc.,199 Conn. 245, 250 n. 3 (1986) (emphasis in original). Furthermore, the placement of the provision for joint liability, immediately following the requirement of only loaning to people with insurance and before the other technical requirements of 14-60, also indicates that joint liability is appropriate only when the car is loaned to one without insurance. Accordingly, because there is no allegation that the person driving the vehicle was uninsured, the motion to strike the first count is granted.
The parties agree that a loss of consortium claim is derivative of the plaintiff's claim, and that if the plaintiff's claim is barred, so is the consortium claim. Therefore, because the count against Dworkin is stricken, the third count claiming loss of consortium is stricken, but only as to Dworkin and not other defendants.
COFIELD, J. CT Page 6829